UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SAN JOSE, CALIFORNIA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, et al.,<br><br>  Defendants. | Case No. 20-CV-05167-LHK |
| STATE OF CALIFORNIA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, et al.,<br><br>  Defendants. | Case No. 20-CV-05169-LHK<br><br>**REQUEST TO THE CHIEF JUDGE OF THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT TO CONVENE A THREE-JUDGE COURT UNDER 28 U.S.C. § 2284** |

On July 21, 2020, President Donald J. Trump issued a memorandum (the "Presidential Memorandum") stating "it is the policy of the United States to exclude from the apportionment base aliens who are not in a lawful immigration status" and ordering the Secretary of Commerce to

1

Case No. 20-CV-05167-LHK
REQUEST TO THE CHIEF JUDGE OF THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT TO CONVENE A THREE-JUDGE COURT UNDER 28 U.S.C. § 2284

"take all appropriate action, consistent with the Constitution and other applicable law, to provide information permitting the President, to the extent practicable, to exercise the President's discretion to carry out th[is] policy." Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census, 85 Fed. Reg. 44,679, 44,680 (July 23, 2020). Plaintiffs in the above-captioned related cases challenge the Presidential Memorandum—and agency action under the Memorandum—on several constitutional and statutory grounds. Plaintiffs name as Defendants the President, Secretary of Commerce, and Director of the Census Bureau in their official capacities, as well as the Department of Commerce and Census Bureau.

On August 17, 2020, the parties in both *San Jose* and *California* agreed in a joint case management statement that, under 28 U.S.C. § 2284, a three-judge court should hear the cases. Joint Case Management Statement at 2-3, 5:20-cv-05167-LHK, ECF No. 44. The parties offer two reasons why.

*First*, the parties agree "that both Plaintiffs' constitutional challenges fall within the jurisdiction created by 28 U.S.C. § 2284." *Id.* at 3. Section 2284(a) states that "[a] district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts." As the parties correctly note, courts other than the Ninth Circuit have held that § 2284's three-judge requirement is jurisdictional. *See Karlson v. Paterson*, 542 F.3d 281, 286-87 (2d Cir. 2008).

*Second*, the *San Jose* parties agree that statutory claims under 13 U.S.C. § 195 (prohibiting statistical sampling for purposes of apportioning Representatives) require adjudication by a three-judge court. *See* Joint Case Management Statement at 3, 5:20-cv-05167-LHK, ECF No. 44. This requirement stems from another statute, which mandates that any action under § 195 "shall be heard and determined by a district court of three judges in accordance with section 2284 of title 28, United States Code." *Id.* (quoting Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act, 1998, § 209(b), (e)(1), Pub. L. No. 105-119, 111 Stat. 2440, 2481–82 (1997) (codified at 13 U.S.C. § 141 note)).

The Court agrees that a three-judge court should hear the cases. *See also Shapiro v. McManus*, 136 S. Ct. 450, 455–56 (2015) (holding that referral to the Chief Judge of the Circuit is required if relevant constitutional claim is not "frivolous"); Order of USCA, *New York v. Trump*, No. 1:20-CV-05770-JMF (Aug. 10, 2020), ECF No. 82 (designating three-judge court in analogous ongoing case); Vikram David Amar, 17A Federal Practice & Procedure: Jurisdiction § 4235 (3d ed. Apr. 2020 update) ("[U]ndoubtedly the cautious course for a district court in a reapportionment case or other case in which an Act of Congress seems to make a three-judge court mandatory would be to have such a court convened, even in the absence of request."). Thus, the Court respectfully requests that the Chief Judge of the U.S. Court of Appeals for the Ninth Circuit promptly convene a three-judge court to preside over the claims presented in *San Jose* (5:20-CV-05167-LHK) and *California* (5:20-CV-05169-LHK).

Dated: August 18, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No. 20-CV-05167-LHK
REQUEST TO THE CHIEF JUDGE OF THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT TO CONVENE A THREE-JUDGE COURT UNDER 28 U.S.C. § 2284